## LEHRETTER v. KOFFMAN.

In a proceeding under the lien law of 1851, it is a good defence to the owner that there are liens upon the premises prior to that of the plaintiff, exceeding in amount the sum due from the owner.

No injunction to restrain the plaintiff in such proceeding, upon a bill setting forth these facts, will be granted.

If the plaintiff in such proceeding impeaches the validity of the prior liens, in whole or in part, by suitable allegations and with proper parties before the court, he will be entitled to judgment, so far as the funds in the hands of the owner are sufficient. (*a*)

SPECIAL TERM, NOVEMBER, 1852.

Before DALY, J.; all the members of the court concurring.

THE plaintiff commenced a suit, alleging in his complaint that he was the owner of a certain block of houses; that three liens had been docketed for work and labor performed towards their erection; that upon the two first liens, no proceedings had been taken by the claimants to bring them to a close; that, as respects the last, a notice had been served requiring the plaintiff to appear in the marine court, and submit to an accounting and settlement; and that the two liens previously docketed exceeded in amount the sum due by him to his contractor. Upon these facts, he moved at the special term for an injunction restraining the further prosecution of the defendant's claim in the marine court.

*Ashael S. Levy*, for the plaintiff.

*A. R. Dyett*, for the defendant.

DALY, J.—There is no ground for interfering by injunction to restrain the prosecution of the suit in the marine court. If

---

(*a*) See note (*a*) on the next page.

there are prior liens sufficient to absorb the funds remaining in the hands of the owner, it is a good defence to that suit. It was a defence under the former lien law, and must equally be a defence under the present act. If the existence of prior liens is set up as a bar to an action brought for the enforcement of a subsequent lien, the claimant in that action may deny their validity, (a) and if he succeeds in impeaching them, take judgment for the amount of his lien, if there is a sufficient fund in the owner's hands, or, if not, a judgment to the extent of that fund. In certain cases, it may be necessary to institute a suit in this court in the nature of a bill of interpleader to adjust the rights of the respective claimants; but such is not the nature of the present suit. It is brought for the purpose of obtaining an injunction to restrain the further prosecution of the suit below; and as the facts set up in the complaint are available as a defence in that suit, the application for the injunction must be denied, and the present action dismissed.

Ordered accordingly.